MONCURE, J.,
delivered the opinion of the court:
The court is of opinion that the clause in the will of William Norris in these words: ‘ ‘Item — It is my -will and desire that if any of my children die without heirs for their parts to be equally divided amongst all mv children then living,” is a valid executory bequest, being to take effect in the lifetime of a person or persons in being at the time of the testator’s death. The word “heirs” in the clause means “issue and the words, “all my children then living,” mean all his children living at the time of the death of any of his other children without issue. Whether he contemplated a failure of issue happening only at the death of the first taker, or one that might happen afterwards, is immaterial, since by the express terms of the will, it must happen in the lifetime of some of his children, otherwise the limitation over to his “children then living” can have no effect. Ellen Norris, one of the children of the testator, having died unmarried and without issue in the lifetime of two only of the other children, to wit, ¡the plaintiff in the court below and ^'another, they became entitled at her death, under the executory bequest aforesaid, to her portion of-the slaves deprived by her under the said will, which embraced the slaves in controversy. And the said plaintiff, being the last survivor of the said two survivors, is entitled to maintain this action. The judgment of the court below is therefore affirmed.
Judgment affirmed.